IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DANIEL J. KOTTAS,

           Plaintiff,

vs.

UNITED STATES OF AMERICA,

           Defendant.

4:16CV3069

MEMORANDUM AND ORDER

Plaintiff's counsel has moved to extend the expert disclosure deadlines of the court's case progression order, explaining that although he disclosed Plaintiff's medical records, due to a mistake, he failed to calendar the expert disclosure deadlines. Plaintiff's counsel further explains that Plaintiff intends to call only medical treatment providers as experts, and Plaintiff is still receiving treatment for some of his medical problems.

In response to Plaintiff's motion to continue, Defendant asks the court to grant Plaintiff twenty-one (21) days from the date of this Order to provide expert disclosures pursuant to Rule 26(a)(2)(c), provided:

- the testimony of Plaintiffs experts is limited to the information and opinions expressly stated in the medical records received before December 2, 2016, Plaintiff's deadline for identifying experts;

- the testimony of Plaintiff's experts does not include any opinions as to future pain and suffering, future treatment needed, and Plaintiff's future medical expenses Plaintiff will incur; and

- Defendant's expert disclosure deadlines are extended to 30 days following Plaintiff's new expert identification deadline, and 60 days following Plaintiffs new complete expert disclosure deadline.

Pursuant to Rule 16(b)(4), a case management order setting progression deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements. . . . , [but the] 'existence or

degree of prejudice to the party opposing the modification' and other factors may also affect the decision." Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001) . The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing whether good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only following a requisite threshold finding of due diligence. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008); Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006).

The government takes no position on whether counsel's calendaring error meets the threshold of showing due diligence. (Filing No. 30, at CM/ECF p. 3). And the court need not reach that issue. The record indicates that except as to new treatment providers addressing Plaintiff's ongoing medical issues, Plaintiff's experts were identified before the current December 1, 2016 deadline. Plaintiff cannot be faulted for failing to timely disclose medical personnel who first provided treatment after December 1, 2016 or who had not expressed a medical causation opinion or produced their requested records prior to that date. And as to providing a full disclosure of the medical experts' opinions, so long as Plaintiff is receiving ongoing treatment and has not reached maximum medical improvement, any opinions as to future pain and suffering, future treatment needed, and anticipated future medical expenses would be premature.

Under the facts presented, the court finds good cause exists to extend the expert disclosure deadlines and, as needed, other case progression deadlines. Accordingly,

IT IS ORDERED that Plaintiff's motion to extend the expert disclosure deadlines, (Filing No. 28), is granted and the final progression order is amended as follows:

1) The non-jury trial of this case remains set to commence on September 25, 2017, with a Final Pretrial Conference scheduled for September 12, 2017.

2) A telephonic conference with the court remains scheduled to be held on May 9, 2017 at **9:30 a.m.** Counsel shall use the conferencing instructions assigned to this case (Filing No. 16) to participate in the conference.

3)  The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

      For the plaintiff(s):    February 24, 2017.
      For the defendant(s):   March 24, 2017.

4)  The deadlines for complete expert disclosures for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

      For the plaintiff(s):    March 24, 2017.
      For the defendant(s):   April 24, 2017.
      Plaintiff's rebuttal:    May 8, 2017

5)  The deposition deadline is June 8, 2017.

6)  The deadline for filing motions to dismiss and motions for summary judgment remains June 23, 2017.[1]

7)  The deadline for filing motions to exclude testimony on *Daubert* and related grounds is June 23, 2017.

February 3, 2017.

                                    BY THE COURT:
                                    *s/ Cheryl R. Zwart*
                                    United States Magistrate Judge

---

[1] To facilitate the court's review, the parties are strongly encouraged to include hyperlinks to the evidence, CM/ECF record, and all legal authorities cited within their briefs filed in support of, or in opposition to, any motions filed. See NECivR 7.1. For instructions, see "Hyperlinking Information" at http://www.ned.uscourts.gov/attorney/electronic-case-filing.